11 F.(2d)—34

# POTTASH et al. v. SOUTHERN COTTON OIL CO.

(Circuit Court of Appeals, Third Circuit. March 6, 1926.)

No. 3389.

1. Sales ⚖️85(2)—Contract that, if goods were lost, they were not to be replaced by seller, referred to loss in transit, and not to loss by fire while in seller's possession.

Contract for sale of merchandise, providing that, if goods were lost, they were not to be replaced by seller, *held* to refer only to loss of cargo shipments in transit, and loss by fire while still in seller's possession did not excuse delivery.

2. Sales ⚖️201(4)—Title to merchandise sold f. o. b. Philadelphia held to remain in seller until merchandise was placed aboard cars for shipment.

Under contract for sale of merchandise f. o. b. Philadelphia, fixing future shipping dates, title remained in seller until merchandise was placed aboard cars for shipment.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by the Southern Cotton Oil Company against Max Pottash and another, trading as Pottash Bros. Judgment for plaintiff, and defendants bring error. Affirmed.

B. D. Oliensis, of Philadelphia, Pa., for plaintiffs in error.

Benjamin O. Frick, of Philadelphia, Pa. (Evans, Bayard & Frick, of Philadelphia, Pa., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On March 31, 1919, the firm of Pottash Bros. wrote the Southern Oil Company: "We herewith confirm sale to you this afternoon of 200,000 second-hand 100 lb. cotton seed meal bags measuring 22x40, all in good order, of minimum 8 oz. material, at price of five and one-half (5½¢) cents each f. o. b. Philadelphia, for shipment August, September, and October, 1919."

On the day following, the Oil Company replied: "We have your letter of the thirty-first, confirming sale to us of 200,000 second-hand cotton seed meal bags, measuring 22x40 inches, at 5½¢ f. o. b. Philadelphia, for shipment in August, September, October."

In pursuance of this correspondence, the Oil Company, on April 18th, prepared and forwarded to Pottash Bros. a regular bill of sale embodying the above provisions, which

the latter signed and returned to the Oil Company. On failure of Pottash Bros. to make deliveries under the contract, the Oil Company, a corporate citizen of New York, brought suit against Pottash Bros., citizens of Pennsylvania, and recovered a verdict for the difference between the contract price and the market prices at the dates of delivery. On entry of judgment thereon, Pottash Bros. sued out this writ.

At the trial the defendant contended that, as the bill of sale provided, "If goods lost, not to be replaced by us," and that as the defendants' warehouse was totally and accidentally destroyed by fire on July 12, 1919, and in it bags which they had assembled to meet the contract, they were not liable for nondelivery under the contract.

[1] It is quite clear from the context that the words, "if goods lost, not to be replaced by us," referred to loss of cargo shipments in transit, and had no application to a loss by fire under the conditions here involved. The present case, therefore, narrows down to a question of title, namely: Had the title to the assembled bags passed to the oil company when they were burned? That question the court decided in favor of the plaintiff, saying, "I charge you as a matter of law that the bags which were the subject-matter of this contract belonged to the seller—that is, to the defendants—up until they had put them aboard the cars for shipment to the plaintiff," and only left to the jury to find the quantum of damages, which is not here complained of. The court committed no error in so holding.

[2] The written contract, which has not been changed, determined the relative rights of the parties when it fixed delivery under the contract as "f. o. b. Philadelphia," and the time of shipments as August, September, and October. The proofs that the sellers had, or were getting together, bags to meet their contract, and of the buyers knowing of that fact, in no way changed the contract, and that unchanged contract in no way deprived Pottash Bros. of their absolute ownership of the bags until they were delivered, and conferred no title on the buyer until the fact and time of delivery provided by the contract happened. The fire made delivery more of a hardship, but it did not prevent Pottash Bros. in any way from thereafter doing what the Oil Company had to do, namely, go into the market and buy the bags that should have been delivered under the contract.

Finding no error in the court below, its judgment is affirmed.